Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10606
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SELENE CASTROVILLA,

    PLAINTIFF,

V.

TEACH FOR AMERICA, INC. AND THOMAS BURKETT,

    DEFENDANTS.
-----------------------------------------------------------------X

CIVIL ACTION NO.

VERIFIED COMPLAINT

Plaintiff Selene Castrovilla ("Ms. Castrovilla" or "Plaintiff"), by and through her attorneys, Gaines, Novick, Ponzini, Cossu & Venditti, LLP, as for her Complaint in the action against Defendant, Teach for America, Inc. and Thomas Burkett (collectively "Defendants" or "Employers"), hereby alleges as follows:

1.  This is an action for declaratory, injunctive and equitable relief, as well as well as monetary damages, to redress Defendants' unlawful employment practices committed against Ms. Castrovilla, including their unlawful discrimination and harassment committed against Ms. Castrovilla in violation of the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"); the New York State Human Rights Law, New York Executive Law §§ 296, *et seq.* (the "NYSHRL"), the New York City Human Rights Law, and New York Administrative Code §§ 8-101, *et seq.* (the "NYCHRL").

## JURISDICTION AND VENUE

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Ms. Castrovilla's rights under the ADEA. This Court has supplemental jurisdiction over Ms. Castrovilla's related claims arising under state and/or local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the unlawful employment practices against Ms. Castrovilla were committed in this district, the employment records relevant to the unlawful employment practices are maintained and administered in this district, and Defendants' offices are located in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant reside in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

5. Ms. Castrovilla is fifty-two (52) year old woman who resides in Nassau County in the State of New York.

6. At all relevant times, Ms. Castrovilla has met the definition of an "employee" under all applicable statutes.

7. At all relevant times, Defendants have met the definition of an "employer" under all applicable statutes.

## PROCEDURAL REQUIREMENTS

8. Ms. Castrovilla has complied with all statutory prerequisites to her Title VII claims, having filed a charge of discrimination with the Equal Opportunity Commission ("EEOC") New York District Office in October of 2017 (Charge No. 520-2017-03584).

9. Mr. Castrovilla's EEOC complaint was cross filed with the New York State Division of Human Rights pursuant to a work-share agreement between the two agencies.

10. On or about December 8, 2017, the EEOC issued a right to sue letter and that letter was received by Plaintiff's counsel on December 15, 2017.[1]

11. This lawsuit has been filed within ninety (90) days of receipt of Ms. Castrovilla's right to sue letter.

12. Any and all other prerequisites to the filing of this lawsuit have been satisfied.

### FACTUAL ALLEGATION

13. Ms. Castrovilla is a fifty-two (52) year old woman.

14. Ms. Castrovilla is currently employed as a part-time teacher.

15. Ms. Castrovilla was hired by Defendant in November of 2016 as a Corp. member.

16. Ms. Castrovilla performed her duties in an exceptional manner and with the highest degree of integrity.

17. Ms. Castrovilla developed an excellent relationship with her colleagues she worked with at her school.

18. Ms. Castrovilla developed an excellent relationship with her students and their parents.

19. Upon information and belief, Ms. Castrovilla was one of three women over the age of forty (40) years old.

20. Ms. Castrovilla and her two contemporaries, who were over the age of forty (40), were dismissed by Defendants, while younger, less qualified, employees were promoted and or placed into permanent positions.

---

[1] Plaintiff never received a right to sue letter at her residence.

3

21. During her first month at a Teaching Education Equity session with the rest of her Corp. Member colleagues, Ms. Castrovilla said that she did not benefit from "White privilege".

22. Ms. Castrovilla simply wanted to explain that she viewed all people as equal and that she does not stigmatize people based on the color of their skin, but her comments were not well received by her Corp. Members.

23. However, Ms. Castrovilla was able to reconnect with her colleagues through an informal team session where her and fellow Corp. Member colleagues sat down and worked out their differences.

24. Thereafter Ms. Castrovilla and her Corp. Members established a camaraderie and worked very well together and it continued that way until her termination.

25. Many of the parents at the school where Ms. Castrovilla taught urged her to return to the school the upcoming school year.

26. In August of 2017, the Managing Director, Thomas Burkett, fired Ms. Castrovilla.

27. Upon information and belief, Mr. Burkett, tried to have Ms. Castrovilla's colleagues corroborate with him as to the reasons for her termination being that she did not work well with Corp. Members, but they refused.

28. Upon information and belief, there were statements from Ms. Castrovilla's colleagues and from Kyle Hannafin refuting Mr. Burkett's statement that "[Ms. Castrovilla] struggles to productively build relationships at the school site and to engage positively in our Teaching for Education Equity programing."

29. Upon information and belief, despite the urging of Ms. Castrovilla's colleagues and mentor that Ms. Castrovilla was a valuable colleague, Defendant terminated her under the pretext of poor performance, but the underlying reason was ageism.

4

### AS AND FOR A FIRST CAUSE OF ACTION
(DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA, 29 U.S.C. § 621 *ET SEQ.*)

30. Ms. Castrovilla hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

31. Defendants have discriminated against Ms. Castrovilla, who at all relevant times herein was over forty (40) years old, on the basis of her age by denying her the same terms and conditions of employment available to younger employees, including but not limited to, subjecting her to disparate working conditions and denying Ms. Castrovilla the opportunity to work in an employment setting free of unlawful discrimination.

32. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer severe emotional distress, and other monetary damages, including but not limited to back-pay and front-pay, connected with Defendants' violations of the ADEA, 29 U.S.C. § 621 *et seq.*

33. As a result of Defendants' unlawful acts, Plaintiff has been deprived of back-pay and front-pay in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to the ADEA, 29 U.S.C. § 621 *et seq.*

34. As a direct and proximate result of Defendants' unlawfully intentional discriminatory conduct, Ms. Castrovilla has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as thoughts of causing physical injury to herself, for which Ms. Castrovilla is entitled to an award of monetary damages and other relief.

5

35. Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations, for which, Ms. Castrovilla is entitled to an award of punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(DISCRIMINATION BASED ON AGE IN VIOLATION OF EXECUTIVE LAW §§ 296, *ET SEQ.*)**

36. Ms. Castrovilla hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

37. Defendants have discriminated against Ms. Castrovilla, who at all relevant times herein was over forty (40) years old, on the basis of her age by denying her the same terms and conditions of employment available to younger employees, including but not limited to, subjecting her to disparate working conditions and denying Ms. Castrovilla the opportunity to work in an employment setting free of unlawful discrimination.

38. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer severe emotional distress, and other monetary damages, including but not limited to back-pay and front-pay, connected with Defendants' violations of Executive Law §§ 296, *et seq.*

39. As a result of Defendants' unlawful acts, Plaintiff has been deprived of back-pay and front-pay in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to Executive Law §§ 296, *et seq.*

40. As a direct and proximate result of Defendants' unlawfully intentional discriminatory conduct, Ms. Castrovilla has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering,

as well as thoughts of causing physical injury to herself, for which Ms. Castrovilla is entitled to an award of monetary damages and other relief.

41. Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations, for which, Ms. Castrovilla is entitled to an award of punitive damages

### AS AND FOR A THIRD CAUSE OF ACTION
**(DISCRIMINATION BASED ON AGE IN VIOLATION OF ADMINISTRATIVE CODE §§ 8-101, *ET SEQ.*)**

42. Ms. Castrovilla hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

43. Defendants have discriminated against Ms. Castrovilla, who at all relevant times herein was over forty (40) years old, on the basis of her age by denying her the same terms and conditions of employment available to younger employees, including but not limited to, subjecting her to disparate working conditions and denying Ms. Castrovilla the opportunity to work in an employment setting free of unlawful discrimination.

44. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer severe emotional distress, and other monetary damages, including but not limited to back-pay and front-pay, connected with Defendants' violations of the Administrative Code §§ 8-101, *et seq*.

45. As a result of Defendants' unlawful acts, Plaintiff has been deprived of back-pay and front-pay in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to the Administrative Code §§ 8-101, *et seq*.

7

46. Defendants' unlawful and discriminatory actions constitute malicious, willful and wonton violations of Section 1981 for which Ms. Castrovilla is entitled to an award of punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF EXECUTIVE LAW §§ 296, ET SEQ.)

47. Ms. Castrovilla hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

48. In violation of Executive Law, §§ 296, et seq., Defendants retaliated against Plaintiff for refusing to proceed with the hearing process to reinstate Plaintiff because she commenced an action in order to preserve her rights.

49. As a direct and proximate result of Defendants' unlawfully intentional discriminatory conduct, Ms. Castrovilla has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as thoughts of causing physical injury to herself, for which Ms. Castrovilla is entitled to an award of monetary damages and other relief.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF ADMINISTRATIVE CODE §§ 8-101, ET SEQ.)

50. Ms. Castrovilla hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

51. In violation of Administrative Law, §§ 8-101, *et seq.*, Defendants retaliated against Plaintiff for refusing to proceed with the hearing process to reinstate Plaintiff because she commenced an action in order to preserve her rights.

As a direct and proximate result of Defendants' unlawfully intentional discriminatory conduct, Ms. Castrovilla has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as thoughts of causing physical injury to herself, for which Ms. Castrovilla is entitled to an award of monetary damages and other relief.

## AS AND FOR A SIXTH CAUSE OF ACTION
### BREACH OF CONTRACT

52. Ms. Castrovilla hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

53. Plaintiff was unlawfully terminated by Defendants and despite the fact that Plaintiff was an outstanding Corp. Member, Defendants refused to hear evidence that would support a decision for the reinstatement of Plaintiff.

54. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the ADEA, NYSHRL, and NYCHRL Ms. Castrovilla has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

55. As a direct and proximate result of Defendants' breach of its own rules and regulations, Plaintiff has suffered, and continues to suffer monetary damages in the amount to be determined at trial, including but not limited to, back-pay and front-pay, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation as this Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

56. Ms. Castrovilla hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

57. Defendants owed Plaintiff a duty of care and a duty not to discriminate against her at her workplace.

58. As a result of Defendants'' aforementioned breach of fiduciary duty owed to Plaintiff, Plaintiff has suffered and continues to suffer monetary damages connected with Defendants' violations of the terms of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Castrovilla prays that the Court enter a judgment in her favor and against Defendants, containing the following relief:

A.      A declaratory judgment that the actions, conduct and practices of the Defendants complained of herein violate the law of the United States of America, the State of New York, and the City of New York;

B.      An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.      An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Ms. Castrovilla's employment and personal life;

D.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Ms. Castrovilla for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E.      An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Ms. Castrovilla for all non-monetary and/or compensatory damages, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

F.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Ms. Castrovilla in an amount to be determined at trial, plus prejudgment interest;

G.      An award of punitive damages;

H.      An award of costs that Ms. Castrovilla has incurred in ther action, as well as Ms. Castrovilla's reasonable attorneys' fees to the fullest extent permitted by law; and

I.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: White Plains, New York
       March 12, 2018

Respectfully submitted,

GAINES, NOVICK,
PONZINI, COSSU & VENDITTI, LLP

_____

Jaazaniah Asahguii, Esq.
1133 Westchester Avenue, Suite N-202
White Plains, New York 10604
*Attorneys for Plaintiff*

Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10604
Tel. (914) 831-6255
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

SELENE CASTROVILLA,

        Plaintiff,

v.

TEACH FOR AMERICA,

        Defendants.

-----------------------------------------------------------------X

Civil Action No.

**VERIFICATION**

I, Selene Castrovilla, have read the foregoing facts and allegations. I reserve the right to modify any of these facts or allegations if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available.

Subject to the above limitations, I declare under penalty of perjury under the laws of the United States of America that the forgoing facts and allegations in the Complaint are true and correct.

Dated: White Plains, New York
    March 12,        2018

Sworn to before me this
12 day of March 208

_____
Notary Public

_____
Selene Castrovilla

JAAZANIAH ASAHGUII
Notary Public, State of New York
No. 02AS6305851
Qualified in Bronx County
Commission Expires June 16,20__